*285 OPINION.
Tktjssell:
Under the facts set forth in this proceeding, the petitioner claims it is entitled to a deduction of $25,000 as a loss for the year 1917 and the Commissioner’s position is that the said deduction has been properly allowed by him for the year 1918.
While the liability to respond in damages for the breach of two coal contracts may have attached during the year 1917, the petitioner corporation did not appear to recognize such liability in any amount. It did not set up upon its books any liability on account of such breach of contracts or recognize the same in any way in its accounting system until the year 1918, when it settled its liability by the payment of the sum of $25,000. At that time it entered the amount so paid as an expense for the year 1918.
In the audit of this petitioner’s income and profits-tax returns for the years 1917 and 1918, the respondent has allowed the deduction of the $25,000 as and when claimed by the petitioner in accordance with its books of account. The petitioner now claims a deduction for the year 1917 while still retaining and holding the benefit of the same deduction for the year 1918. The $2,190.77 originally claimed by petitioner as a bad debt for the year 1917 was not ascertained to be worthless during that year and was properly restored to gross income for the year 1917 and the full amount of $25,000 appears to have been allowed for the year 1918.
The deficiency for the year 1917 is $18,601.27. Judgment will be entered accordingly.